UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TYSHAWN CRAWFORD,

                Plaintiff,

    -against-                         **COMPLAINT**

CITY OF NEW YORK, DANIEL FRASCA,
and JOHN DOE,

                                     **PLAINTIFF DEMANDS**
                Defendants.       **A TRIAL BY JURY**
---------------------------------X

        Plaintiff Tyshawn Crawford, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff was an adult male and a resident of Kings County, State of New York.

        2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and which acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.     At all relevant times hereinafter mentioned, defendant Daniel Frasca, tax no. 952749, was employed by the City of New York as a member of the NYPD.  Frasca is sued herein in his official and individual capacities.

        4.     At all relevant times hereinafter mentioned, defendant John Doe was

employed by the City of New York as a member of the NYPD. Doe's identity is not known to plaintiff, but he is believed to be a detective whose last name is Santos and who may have been assigned to the 73 precinct. Doe is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

7. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

8. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

10. On April 15, 2013, at or about 4:00 p.m., plaintiff was lawfully present near the intersection of Blake and Rockaway Avenues in Kings County, New York.

11. Plaintiff was with several friends when they were stopped by several uniformed officers.

12. Defendant Frasca is believed to be one of the officers.

13. Defendant Doe was not one of the officers at this location.

14. Neither plaintiff nor any of his friends were engaged in any criminal or unlawful conduct, nor would it be reasonable to believe that they were engaged in any criminal or unlawful conduct.

15. The officers, after searching plaintiff and checking his identification, handcuffed and arrested plaintiff and one other person, and took them to Police Service Area ("PSA") 2.

16. It was objectively unreasonable to arrest plaintiff as there was no evidence that he had engaged in any unlawful conduct, nor could Frasca or the other officers present have reasonably believed that such cause existed.

17. Sometime after his arrival at PSA 2, plaintiff was transported to the NYPD station house in the 73 precinct.

18. While at the 73 precinct station house, plaintiff was questioned by defendant Doe, whom plaintiff understood to be a detective named Santos.

19. Doe questioned plaintiff about a shooting that had occurred a few days earlier at a party. The plaintiff was not a suspect in the shooting, but rather a witness.

20. In fact, another person had already been arrested for that shooting, and Doe's questioning of plaintiff was directed at whether plaintiff was an eyewitness to this crime.

21. Based on the above series of facts, it is believed that plaintiff was arrested and detained by Frasca pursuant to what is known as an I-card.

22. An I-card is a form completed by a member of the NYPD to alert other members of the NYPD that he or she is looking for a particular person. The I-card further alerts NYPD members whether that particular person is wanted as a suspect or a witness, and provides contact information so that the police officers can contact the issuing officer if they come across the wanted individual.

23. At no point are I-cards submitted to courts for approval, nor are they reviewed by, passed on, or otherwise endorsed or approved, by any member of the judicial branch of government.

24. Police officers learn about the existence of particular I-cards during the course of warrant checks for individuals.

25. In this case, it appears that Doe issued an I-card for plaintiff.

26. It is further believed that Frasca learned of the I-card issued by Doe, and detained Doe because of the I-card.

27. It is also apparent the Frasca communicated, or caused someone to communicate to Doe that plaintiff was in his custody at PSA 2.

28. The practice of using I-cards is one that is and has long been known to, and formally or informally endorsed and permitted by the NYPD as an institution.

29. As part of this practice, members of the NYPD routinely seize and detain individuals pursuant to I-cards, regardless of whether there is an independent basis for the individual's seize and detention.

30. As part of this practice, members of the NYPD routinely treat I-cards

as though they are the equivalent of judicially issued warrants, and proceed as though the I-card has conferred sufficient legal cause to permit the seizure and detention of individuals identified in I-cards.

31. That officers routinely rely on I-cards to seize and detain citizens without independent legal cause is known to and either formally or informally approved by the senior commanding officers of the NYPD.

32. In this case, Frasca and his colleagues lacked sufficient legal cause to stop and question the plaintiff.

33. Frasca and his colleagues also lacked sufficient legal cause to arrest plaintiff.

34. The existence of an I-card for plaintiff did not create a sufficient legal basis to seize and detain plaintiff, nor would it be reasonable for the defendants to believe that it did.

35. Even if no I-card existed, defendants lacked any legal basis for seizing and detaining plaintiff.

36. While plaintiff was in defendants' custody, Frasca drafted arrest paperwork concerning plaintiff in which he expressly claimed that plaintiff had committed the offense of unlawful assembly under New York Penal Law § 240.10.

37. There were no facts or evidence that could lead Frasca to even remotely believe that plaintiff had committed or was committing the crime of unlawful assembly, nor would it have been reasonable for him to have believed that plaintiff could

lawfully be arrested for this crime.

38. Frasca then forth factual allegations in his paperwork to support the arrest of plaintiff. As plaintiff had not engaged in any such crime, these allegations are understood to be materially and deliberately false.

39. Frasca then forwarded these materially and deliberately false factual allegations against plaintiff to the Kings County District Attorney ("KCDA"), and did so in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

40. Frasca knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of Frasca's statements, claims, and was assuming that all of the Frasca's factual statements were truthful in all material respects.

41. Eventually, despite defendants' best efforts to persuade the KCDA to charge plaintiff, declined plaintiff's prosecution, and he was eventually released from custody.

42. At no time did either individual defendant take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against the plaintiff.

43. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

44. That at all times relevant herein, the defendants were on duty and

acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

45. Plaintiff repeats the allegations contained in paragraphs "1" through "44" above as though stated fully herein.

46. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

47. Defendant Frasca willfully and intentionally fabricated evidence and sought to deny plaintiff due process and a fair trial by (i) falsely claiming that plaintiff was engaged in criminal conduct or had committed a crime at the time of his arrest; (ii) forwarding this information to the Kings County Prosecutor in order to bring about and cause the criminal prosecution of the plaintiff.

48. By so doing, Frasca and Doe subjected plaintiff to false arrest and imprisonment, and Frasca caused plaintiff to be deprived of his right to due process and a fair trial through the use of fabricated evidence, and thereby violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

49. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

50. Plaintiff repeats the allegations contained in paragraphs "1" through "49" above as though stated fully herein.

51. That at all relevant times herein, there existed within the NYPD a policy and practice by which I-cards were afforded the same weight and judicial authority by members of the NYPD as lawfully issued arrest and bench warrants.

52. Under this policy, NYPD members would seize and detain subjects of I-cards without regard to whether there was independent probable cause for that seizure.

53. This policy and practice was either formally or informally known to and adopted by senior commanders within the NYPD, and regularly caused members of the NYPD to seize and detain individuals without a warrant or any other lawful basis.

54. By so doing, the City of New York is employing a practice that substitutes an officer's internal request to his or her fellow officers to seize and hold a person for a judicially determined legal cause for such a seizure and detention. This policy is facially unconstitutional and routinely causes individuals, including but not limited to the plaintiff in this case, to suffer violations of their constitutional rights, including their right to due process and to be free from unlawful arrest and imprisonment under the Fourth and Fourteenth Amendments of the United States Constitution.

55. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused the plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

56. Plaintiff repeats the allegations contained in paragraphs "1" through "55" above as though stated fully herein.

57. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, wrongly seized and searched, falsely arrested and imprisoned, and deprived of a fair trial through the use of fabricated evidence.

58. Defendant City of New York is therefore vicariously liable to plaintiff for the unlawful search, seizure, false arrest and imprisonment of plaintiff by its employees and agents under the doctrine of respondeat superior.

59. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. A judgment declaring that the defendants have committed the violations of law alleged in this action;

    ii. A judgment declaring that the use of I-cards by members of the NYPD as a basis for seizing and detaining individuals, without an adequate independent legal basis, is unconstitutional;

    iii. An order permanently enjoining and directing defendants to cease seizing and detaining individuals who have been named on "I-cards" without an adequate independent legal cause;

    iv. Directing that immediate remedial training on the proper and legal use of I-cards be provided to all current members of the NYPD;

    v. Compensatory damages against all defendants in an amount to be determined at trial;

    vi. Punitive damages against all individual defendants in an amount to be determined at trial;

    vii. An order awarding disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

    viii. Such other further relief that the court may deem just and proper.

Dated: January 21, 2014
        New York, New York

                                LUMER & NEVILLE
                                Attorneys for Plaintiff
                                225 Broadway, Suite 2700
                                New York, New York 10007
                                (212) 566-5060

                                /s/
                                _____
                                Michael B. Lumer (ML-1947)